O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MOLLIE GALE SMITH,                    )    NO. CV 11-08116-MAN
                                      )
                Plaintiff,            )
                                      )    MEMORANDUM OPINION
        v.                            )
                                      )    AND ORDER
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )
                                      )
                Defendant.            )
_____)

        Plaintiff filed a Complaint on October 4, 2011, seeking review of
the denial of plaintiff's application for a period of disability,
disability insurance benefits ("DIB"), and supplemental security income
("SSI").  On November 9, 2011, the parties consented, pursuant to 28
U.S.C. § 636(c), to proceed before the undersigned United States
Magistrate Judge.  The parties filed a Joint Stipulation on June 28,
2012, in which:  plaintiff seeks an order reversing the Commissioner's
decision and remanding this case for the payment of benefits or,
alternatively, for further administrative proceedings; and defendant
requests that the Commissioner's decision be affirmed or, alternatively,
remanded for further administrative proceedings.  The Court has taken

the parties' Joint Stipulation under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On June 24, 2008, plaintiff filed an application for a period of disability, DIB, and SSI. (Administrative Record ("A.R.") 14.) Plaintiff previously filed an application for DIB on April 14, 2006, which was denied at the reconsideration level and without appeal. (A.R. 16.) Plaintiff, who was born on June 3, 1961 (A.R. 20),[1] claims to have been disabled since May 18, 2005 (A.R. 14), due to carpal tunnel syndrome, hysterectomy, shoulder injury and surgery, degenerative disc disease, neck pain, and depression (A.R. 16, 37-38, 42, 48, 53).

After the Commissioner denied plaintiff's claim initially and upon reconsideration (A.R. 14, 48-57), plaintiff requested a hearing (A.R. 58). On May 11, 2010, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Robert A. Evans (the "ALJ"). (A.R. 14, 33-45.) Ruth A. Arnush, a vocational expert, also testified. (*Id.*) On June 4, 2010, the ALJ denied plaintiff's claim (A.R. 14-21), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 3-8). That decision is now at issue in this action.

///

///

///

---

[1]    On the date of the ALJ's decision, plaintiff was 48 years old, which is defined as a younger individual. (A.R. 20; *citing* 20 C.F.R. §§ 404.1563, 416.963.)

2

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff meets the insured status requirements of the Social Security Act through September 30, 2012, and "has not engaged in substantial gainful activity since May 18, 2005, the alleged onset date." (A.R. 16.) The ALJ determined that plaintiff has the severe impairments of "status post right shoulder arthroscopy" and "chronic neck pain" but does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). (A.R. 17.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). (A.R. 19.) The ALJ concluded that plaintiff is unable to perform her past relevant work as a cake decorator and sales representative. (A.R. 20.) However, based on his RFC assessment and after having considered plaintiff's age, education,[2] work experience,[3] and the testimony of the vocational expert, the ALJ found that jobs plaintiff could perform exist in the national economy, including "the job of telemarketer." (A.R. 21.) Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, from May 18, 2005,

---

[2] The ALJ found that plaintiff "has a high school education, plus 2 years of college and is able to communicate in English." (*Id.*; *citing* 20 C.F.R. §§ 404.1564, 416.964.)

[3] The ALJ found that plaintiff "has acquired work skills from [her] past relevant work." (A.R. 20; *citing* 20 C.F.R. §§ 404.1568, 416.968.)

through the date of his decision.  (*Id.*)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (citation omitted).  The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation.  Burch v.

4

1  Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may
2  review only the reasons stated by the ALJ in his decision "and may not
3  affirm the ALJ on a ground upon which he did not rely."  Orn, 495 F.3d
4  at 630; see also Connett, 340 F.3d at 874.  The Court will not reverse
5  the Commissioner's decision if it is based on harmless error, which
6  exists only when it is "clear from the record that an ALJ's error was
7  'inconsequential to the ultimate nondisability determination.'"  Robbins
8  v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(quoting Stout v.
9  Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch, 400 F.3d
10  at 679.

12  **DISCUSSION**

14      Plaintiff claims that the ALJ erred at step two of the sequential
15  evaluation by failing to find plaintiff's mental impairment of
16  depression to be "severe."  (Joint Stipulation ("Joint Stip.") at 3-4,
17  9.)  Specifically, plaintiff claims that the ALJ did not consider
18  properly the opinion of plaintiff's physician and psychologist, Dr. Bal
19  S. Grewal. (Joint Stip. at 7-9, 12.)

21  **I.   The ALJ Committed Reversible Error At Step Two And Needs**
22  **To Consider Properly Dr. Grewal's Opinion On Remand.**

24      At step two of the sequential evaluation process, the ALJ is tasked
25  with identifying a claimant's "severe" impairments.  20 C.F.R.
26  §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c).  A
27  severe impairment is one that "significantly limits [a claimant's]

physical or mental ability to do basic work activities."[4]   20 C.F.R. §§ 404.1592(c), 416.920(c).   Despite use of the term "severe," most circuits, including the Ninth Circuit, have held that "the step-two inquiry is a de minimis screening device to dispose of groundless claims."   Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Accordingly, "[a]n impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on [a claimant's] ability to work.'"   Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005) (citation omitted; emphasis in original).   When determining whether an impairment is severe, claimant's age, education, and work experience will not be considered. 20 C.F.R. §§ 404.1520(c), 416.920(c).


    Plaintiff alleges disability, in part, due to her depression and anxiety, for which she takes Lorazepam.   (A.R. 42, 190; Joint Stip. at 4.)   The medical evidence of record confirms that plaintiff suffers from depression and anxiety.   In his decision, however, the ALJ determined only that plaintiff has the "severe impairments" of status post right shoulder arthroscopy and chronic neck pain.   (A.R. 17.)   The ALJ did not find that plaintiff's depression and anxiety constituted a "severe impairment."   (*Id.*)

///

---

    [4]   Basic work activities are "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. §§ 404.1521, 416.921(b). Examples of such activities include: (1) "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling"; (2) the capacity for "seeing, hearing, and speaking"; (3) "[u]nderstanding, carrying out, and remembering simple instructions"; (4) the "[u]se of judgment"; (5) "[r]esponding appropriately to supervision, co-workers and usual work situations"; and (6) "[d]ealing with changes in a routine work setting."   *Id.*

On July 8, 2009, Bal S. Grewal, M.D., conducted a psychological examination of plaintiff pursuant to a referral by plaintiff's treating physician Brian K. Padveen, M.D., who had diagnosed her with, *inter alia*, depression and anxiety secondary to her physical impairments. (A.R. 390-414.)  Based upon Dr. Grewal's observation of plaintiff, her performance on various mental status examinations, and her personal, social, and medical history, Dr. Grewal diagnosed plaintiff with, *inter alia,* depressive disorder, anxiety disorder, and severe psychological stressors.  (A.R. 402-04.)  He also assessed plaintiff with a GAF score of 58.[5]  (A.R. 404.)  Dr. Grewal opined that plaintiff had a "slight impairment" in the following work functions:  the "ability to comprehend and follow instructions"; the "[a]bility to perform simple and repetitive tasks"; the "[a]bility to relate to other people beyond giving and receiving instructions"; the "[a]bility to influence people"; and the "[a]bility to make generalizations, evaluations or decisions without immediate supervision."  (A.R. 404-05.)  Further, Dr. Grewal opined that plaintiff had a "moderate impairment" in the following work activities:  the "[a]bility to maintain a work pace appropriate to a given work load"; the "[a]bility to perform complex or varied tasks"; and the "[a]bility to accept and carry out responsibility for direction, control and planning."  (*Id.*)

Based on plaintiff's testimony and the opinion of Dr. Grewal,

---

[5]    The GAF scale "[c]onsider[s] psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders, DSM-IV-TR, 34 (rev. 4th ed. 2000).  A rating of 51-60 reflects "[m]oderate symptoms (*e.g.*, flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (*e.g.*, few friends, conflicts with peers or co-workers)."  *Id.*

substantial evidence of plaintiff's depression and anxiety was presented to the ALJ.  That evidence, which was uncontradicted, strongly suggests that plaintiff's depression and anxiety would have more than a de minimus impact on plaintiff's ability to perform basic work activities.  Thus, the ALJ's failure to either give clear and convincing reasons for rejecting Dr. Grewal's opinion regarding the functional limitations stemming from plaintiff's depression and anxiety or find plaintiff's depression and anxiety to be severe at step two of the sequential evaluation process constitutes error.

Moreover, the ALJ's error cannot be deemed harmless.  In general, an ALJ's failure to discuss a claimant's impairment at step two may be deemed harmless only when the ALJ's error did not prejudice a claimant at later steps in the sequential evaluation process.  In Burch, for example, the Ninth Circuit assumed, without deciding, that it was legal error for the ALJ not to discuss plaintiff's obesity in his step two analysis.  400 F.3d at 682.  The Ninth Circuit concluded, however, that the assumed error was harmless, because it would not have impacted the ALJ's analysis at either step four or five of the evaluation process.  Specifically, the Ninth Circuit found that, for purposes of step four, plaintiff failed to point to any evidence of functional limitations due to her obesity that would have impacted the ALJ's analysis.  *Id.* at 683.  Further, at step five, the Ninth Circuit found that no prejudice occurred, because the ALJ "adequately considered [plaintiff's] obesity in his RFC determination" -- *i.e.*, there was no "functional limitations as a result of [plaintiff's] obesity that the ALJ failed to consider."  *Id.* at 684; *see also* Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007)(finding that any error the ALJ committed in failing to list

plaintiff's bursitis at step 2 was harmless, because the ALJ "extensively discussed" plaintiff's bursitis and "considered any limitations posed by the bursitis at [s]tep 4").

In this case, unlike in Burch and Lewis, the Court cannot conclude that the ALJ's failure to consider plaintiff's depression and anxiety and her resulting limitations is harmless error.  As properly noted by plaintiff, the ALJ did not give the requisite clear and convincing reasons for his tacit rejection of Dr. Grewal's opinion regarding the various work limitations stemming from plaintiff's mental impairments. Rather, in his decision, the ALJ summarized Dr. Grewal's July 8, 2009 psychological assessment of plaintiff as follows:  "[Dr. Grewal] noted that [plaintiff]'s mood and emotional responsiveness was moderately depressed.  Her attention and concentration skills were slightly impaired.  He concluded that [plaintiff] had developed an[] agitation, depression and emotional reaction to her chronic pain and limitations." (A.R. 18-19.)  Further, the ALJ concluded that, "to the extent that [plaintiff's] pain - depression is a factor, . . . it would not prevent her from performing semiskilled work."  (A.R. 19.)

Critically, the ALJ appears to have ignored or inaccurately summarized plaintiff's various work limitations as specified by Dr. Grewal in his July 8, 2009 psychological assessment.  Specifically, beyond noting that plaintiff's attention and concentration skills were found to be slightly impaired, the ALJ's decision does not indicate that he considered or rejected Dr. Grewal's opinion regarding plaintiff's other slight to moderate work limitations.  *See* Reddick v. Chater, 157 F.3d 715, 723 (9th Cir. 1998)(reversing and remanding case because ALJ's

characterization of the record was "not entirely accurate regarding the content or tone"); *see also* <u>Gallant v. Heckler</u>, 743 F.2d 1450, 1456 (9th Cir. 1984)(holding that it was error for an ALJ to ignore or misstate competent evidence in the record to justify his conclusion).

It is unclear whether plaintiff's depression and anxiety, coupled with *all* the work limitations resulting from them as well as from her severe impairments acknowledged by the ALJ, would prevent plaintiff from performing "other" work, because none of hypothetical questions posed to the vocational expert by the ALJ included all of Dr. Grewal's functional limitations and restrictions.   *See* <u>Magallanes v. Bowen</u>, 881 F.2d 747, 756 (9th Cir. 1989)(noting that the hypothetical questions posed to a vocational expert must set forth all the claimant's limitations and restrictions).   Accordingly, because the work limitations assessed by Dr. Grewal could have impacted the vocational expert's testimony and the ALJ's analysis along the sequential evaluation process, the Court cannot find the ALJ's error to be harmless.   *See* <u>Stout</u>, 454 F.3d at 1055 (finding an error to be harmless when it "was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion").

**II.   <u>Remand Is Required</u>.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).   Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.   *Id.* at 1179

10

("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1179-81.

Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. On remand, the ALJ must correct the deficiencies and errors discussed above. After so doing, the ALJ may need to reassess plaintiff's RFC, in which case, additional testimony from a vocational expert likely will be needed to determine what work, if any, plaintiff can perform.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1

**CONCLUSION**

2

3        Accordingly, for the reasons stated above, IT IS ORDERED that the

4 decision of the Commissioner is REVERSED, and this case is REMANDED for

5 further proceedings consistent with this Memorandum Opinion and Order.

6

7        IT IS FURTHER ORDERED that the Clerk of the Court shall serve

8 copies of this Memorandum Opinion and Order and the Judgment on counsel

9 for plaintiff and for defendant.

10

11        **LET JUDGMENT BE ENTERED ACCORDINGLY.**

12

13 DATED:   August 23, 2012

14                                        _____
                                              MARGARET A. NAGLE
15                                        UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28